**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | **Case No. 10-10388** |
| **OUTSTANDING DEVELOPMENT,** | § | |
| **LTD. AND VALLEY LAKES** | § | **Chapter 11** |
| **INVESTMENTS, LTD.,** | § | **Motion for Joint Administration** |
| | § | **Pending** |
| Debtor. | | |

**DEBTORS' APPLICATION PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 327(a) AND 328(a) FOR AN ORDER APPROVING RETENTION OF**
**JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, PC**
**AS COUNSEL FOR DEBTORS-IN-POSSESSION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COME NOW **OUTSTANDING DEVELOPMENT, LTD. AND VALLEY LAKES INVESTMENTS, LTD.** ("Debtors") and file this Debtors' Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Approving Retention of Jordan, Hyden, Womble, Culbreth & Holzer, PC, as Counsel for Debtors-in-Possession (the "Application").  In support of this Application, the Debtors state as follows:

1

## I.   JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     The statutory predicates for the relief sought herein are sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.     On May 28, 2010 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.  No Trustee, examiner, or official committee of unsecured creditors has been appointed.   The Debtors continue to operate their businesses pursuant to Bankruptcy Code sections 1107(a) and 1108.

## II.   BACKGROUND

4.     Valley Lakes Investments, Ltd., a Texas limited partnership ("VLI"), was created in July 2006 for the sole purpose of acquiring for investment 428.361 acres of land and 583.51 acre-feet of Water Rights and holding these assets for sale to Outstanding Development, Ltd. ("Outstanding") so that Outstanding could execute a plan to develop a Master Planned Community on 747.21 acres of land on the southeast side of Los Fresnos, Texas.   The following illustrates the ultimate build-out plan:



The Master Planned Community was to be named The Lakes.  VLI's role in this process, distinct from Outstanding Development, is what is known in the large-scale (Master Planned Community - "MPC") development business as an "Investments Entity."  Investments Entities are created for the purpose of holding land and other assets and selling those assets to a sister 'Development Entity."  So long as the Investment Entity does not involve itself in development activity, it would qualify for earnings to be taxed at the capital gains rate, rather than the ordinary income rate required by the Tax Code for development entities.

In part to finance the development, Debtors acquired first-lien mortgage funds from BBVA Compass Bank ("BBVA") that has a current principal balance of approximately $6,500,000.00.  The terms of this loan provided for the costs necessary to put in place the full subdivision plan, then begin a build-out through lot sales.  The loan term was intended to mature

at the time lot sales were to begin, and in this case August 2010 was the maturity date. However, as explained herein, and notwithstanding no default under the its loan, BBVA determined to stop funding the loan which, of course, triggered a default which BBVA then declared.

> Plan Payment of the BBVA Loan:

BBVA elected not to continue this loan agreement and cause the threat of foreclosure at this stage of the project.  Such action the Debtors believe will give BBVA a multi-million dollar windfall.  This Joint Plan proposes that the BBVA Compass Bank Secured Claim will be Paid in full by the transfer of all right, title and interest in and to approximately 476 acres of the development's real property, together with water rights, certain personal property intangible accounts receivable, and the development's entitlements.  The Joint Plan proposes this partial return to BBVA Compass Bank as payment in full of all claims against the Estate, whether secured, unsecured, or priority, but is designed to adjust the amount of acreage returned based on this Court's finding of the fair market value of the collateral returned. The Payment in Full declaration of this Joint Plan based on the Court's findings of value shall be further secured by the Value Assumption Security Fund provided in the Joint Plan to reduce the risk of a false or wrong valuation assumption.   The VASF has a maximum value for any payment purposes of $200,000.00 or the amount set by the Court and agreed by the Debtors.

## III.  RELIEF REQUESTED

5.      Pursuant to Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rule 2014, the Debtors request authority to employ and retain the law firm of Jordan, Hyden, Womble, Culbreth, and Holzer, P.C. ("Jordan, Hyden") as its counsel, effective as of the Petition Date.  In support of the Application, the Debtors submit the Affidavit of Shelby A. Jordan (the

"Affidavit") which contains the disclosures regarding connections with parties in interest required by Bankruptcy Rule 2014 and the statement regarding compensation required by Bankruptcy Code section 329, Bankruptcy Rule 2016(b) and Bankruptcy Local Rule 2014. Accordingly, the Debtors respectfully request entry of an order under Bankruptcy Code sections 327 and 328 in substantially the same form as the proposed order attached hereto, authorizing the Debtors to employ and retain Jordan Hyden as its counsel under a general retainer to perform legal services necessary to the prosecution of its chapter 11 case.

6.      The Debtors need professional assistance to navigate the chapter 11 process and professional advice regarding how to execute faithfully its duties as debtor and debtor-in-possession and how to prosecute its chapter 11 cases.  The Debtors seek to retain Jordan Hyden as its counsel to provide assistance and advice because Jordan Hyden has both broad bankruptcy experience and knowledge and familiarity with the business of the Debtors, particularly as it relates to operations in this chapter 11 case.  This unique combination makes Jordan Hyden an effective and efficient firm to represent the Debtors in this case.  Jordan Hyden has extensive bankruptcy experience derived from its representation of numerous Debtors, official committees of unsecured creditors, and creditors in chapter 11 reorganization cases.  If the Debtors are required to retain attorneys other than Jordan Hyden in connection with the prosecution of these chapter 11 cases, the Debtors, their estates and all parties in interest will be prejudiced by the time and expense needed by such attorneys to acquire the knowledge that Jordan Hyden has about the Debtors' business operations.

7.      The Debtors respectfully submit that it is necessary and appropriate for it to employ and retain Jordan Hyden to provide, among other things, the following services:

(a)      Render legal advice regarding the powers and duties of Debtors that continue to operate their businesses and manage their properties as debtors-in-possession;

(b)     Take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

(c)     Prepare on behalf of the Debtors, as debtors-in-possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates and appear on Debtors' behalf at all hearings regarding the Debtors' cases;

(d)     Negotiate, prepare and file a plan of reorganization and related disclosure statement(s) and all related documents, and otherwise promote the financial rehabilitation of the Debtors; and

(e)     Perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

8.      The Debtors seek to employ Jordan Hyden under a general retainer and in accordance with Jordan Hyden's normal hourly rates.

9.      Jordan Hyden received a retainer in the amount of $57,078.00 from William P.C. Hudson, principal of both Debtors.  Between August 17, 2009 and May 27, 2010, Jordan Hyden submitted invoices to the Debtors on a periodic basis and was paid the aggregate sum of $34,196.74 in the ordinary course of the Debtors' business.  All these fees and expenses were incurred and all payments were received prior to filing the Debtors' chapter 11 case.

10.     Jordan Hyden holds a retainer in the amount of $22,881.26 for future Chapter 11 fees and expenses in this chapter 11 case.

11.     Subject to Court approval and in accordance with Bankruptcy Code sections 330(a) and 331, Jordan Hyden will seek payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Jordan Hyden.  The rates to be charged on this engagement are Jordan Hyden's customary hourly rates as charged to bankruptcy clients in cases of similar scope and complexity, and are subject to periodic adjustments to reflect economic and other conditions, as follows:

<u>ATTORNEYS</u>              <u>HOURLY RATES</u>

| | |
|---|---|
| Shelby A. Jordan | $450.00 |
| Harlin C. Womble, Jr. | $375.00 |
| Nathaniel Peter Holzer | $300.00 |
| Kenneth C. Culbreth | $300.00 |
| Susan Womble | $150.00 |

LEGAL ASSISTANTS

| | |
|---|---|
| Barbara Smith | $125.00 |
| Shaun Jones | $125.00 |
| Nancy Arambula | $ 75.00 |

12.    These hourly rates are subject to periodic adjustments to reflect economic and other conditions.  Jordan Hyden will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  The Debtors believe that the proposed rates are reasonable.  The Debtors understand that Jordan Hyden intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee, and further orders of this Court for all services incurred after the Petition Date until these cases are closed.

13.    The attorney currently expected to have primary responsibility for providing services to the Debtor is Shelby A. Jordan.

14.    To the best of the Debtors' knowledge and based on the Affidavit attached hereto as **Exhibit A**, the Debtors submit that Jordan Hyden is a "disinterested person" as that is defined in Bankruptcy Code section 101(14) and modified by Bankruptcy Code section 1107(b).  Jordan Hyden does not represent and does not hold any interest adverse to the Debtors' estates or its creditors in the matters upon which Jordan Hyden is to be engaged, other than as set forth in the Affidavit.

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) granting the Application, and (b) granting such other and further relief as the Court deems appropriate.

Dated: May 28, 2010.

Respectfully submitted,

**JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.**

*/s/ Shelby A. Jordan*
Shelby A. Jordan (Texas Bar No. 11016700)
Nathaniel Peter Holzer (Texas Bar No. 00793971)
Harlin C. Womble (Texas Bar No. 21880300)
500 North Shoreline Boulevard, Suite 900
Corpus Christi, Texas 78401-0341
Telephone:  361.884.5678
Facsimile:  361.888.5555
**PROPOSED ATTORNEYS FOR OUTSTANDING DEVELOPMENT, LTD AND VALLEY INVESTMENTS, LTD**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served electronically and/or by U.S. First Class Regular mail, postage prepaid to those parties on the attached list on May 28, 2010.

*/s/ Shelby A. Jordan*
Shelby A. Jordan

D. Marty Bogart
1805 E. Ruben Torres, Blvd. Suite B-20
Brownsville.  TX  78526

BBVA Ccompass Bank
625 E. Elizabeth Street
Brownsville, TX  78520

Tony Yzaguirre, Jr.
Cameron County Tax Assessor
P.O. Box952
Brownsville, TX  78522

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia,  PA  19114

Texas Workforce Commission
Bankruptcy Unit Room 556
101 E. 15th Street
Austin,  TX  78778-0001

Patrick J. Oegerle
Trevion, Valls, and Haynes
6909 Springfield, Ave., Suite 200
Laredo,  TX  78041

Coats, Rose, Yale, Ryman & Lee
3 Greenway Plaza
Houston, TX  77046

Pat Swanter
2901 Central Blvd., Suite C
Brownsville,  TX  78520

Sanford & Kuhl Law Firm
1180 Galleria Financial Center
Houston,  TX  77056

Jesus Lozano
4101 Yoli Lane
Brownsville,  TX  78521

Barbara C.  Jue
Local U. S. Trustee
606 N. Carancahua, Suite 1107
Corpus Christi,  TX  78476

United States Trustee
Office of the United States Trustee
515 Rusk, Suite 3516
Houston,  TX  77002

William P.C. Hudson
1805 E. Ruben Torres, Suite B-20
Brownsville, TX  78526

D. Marty Bogart
1805 E. Ruben Torres, Blvd. Suite B-20
Brownsville,  TX  78526

BBVA Ccompass Bank
625 E. Elizabeth Street
Brownsville, TX  78520

Tony Yzaguirre, Jr.
Cameron County Tax Assessor
P.O. Box952
Brownsville, TX  78522

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia,  PA  19114

Texas Workforce Commission
Bankruptcy Unit Room 556
101 E. 15th Street
Austin,  TX  78778-0001

Patrick J. Oegerle
Trevion, Valls, and Haynes
6909 Springfield, Ave., Suite 200
Laredo,  TX  78041

Jesus Lozano
4101 Yoli Lane
Brownsville, TX  78521

Valley Lakes Investments, LTD
1805 E. Ruben Torres, Blvd., Suite B-20
Brownsville,  TX  78526

Barbara C.  Jue
Local U. S.Trustee
606 N. Carancahua, Suite 1107
Corpus Christi,  TX  78476

United States Trustee
Office of the United States Trustee
Houston, TX  77002

John H.P. Hudson
1805 E. Ruben Torres Blvd., Suite B-20
Brownsville,  TX  78526

William P.C. Hudson
1805 E. Ruben Torres, Blvd., Suite B-20
Brownsville,  TX  78526